# Exhibit A

Ballard Spahr
LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Charles D. Tobin
Tel: 202.661.2218
Fax: 202.661.2299
tobinc@ballardspahr.com

Maxwell S. Mishkin
Tel: 202.508.1140
Fax: 202.661.2299
mishkinm@ballardspahr.com

August 23, 2021

**Via Email and FedEx**

Michele J. McDonald
Joseph Dudek
Robert A. Scott
Office of the Attorney General
200 St. Paul Place, 20th Floor
Baltimore, MD 21202
mmcdonald@oag.state.md.us
jdudek@oag.state.md.us
rscott@oag.state.md.us

**Re: NPR's Intent To Broadcast Official Audio Recordings From *State of Maryland v. Jarrod Ramos*, Case No. C-02-CR-18-001515**

Dear Counsel:

This firm represents National Public Radio, Inc. ("NPR"). We write to inform you that NPR intends to use excerpts from a lawfully-obtained audio recording of trial proceedings from *State of Maryland v. Jarrod Ramos*, Case No. C-02-CR-18-001515 in a forthcoming podcast episode and possible broadcast stories derived from the episode. We respectfully request the State commit not to seek sanctions against NPR for this reporting in the public interest.

On June 28, 2018, Defendant Jarrod Ramos entered the offices of the *Capital Gazette* in Annapolis, Maryland, and murdered five people. The State subsequently charged Ramos with five counts of murder, one count of attempted murder, six counts of assault, and eleven counts of illegal use of a firearm. Ramos pleaded guilty but not criminally responsible, and after a two-week trial in July 2021, a jury rejected that mental illness plea. Ramos is now scheduled to be sentenced on September 28, 2021.

NPR has obtained official audio recordings of Ramos's trial pursuant to Maryland Rule 16-504(h). Consistent with that rule, the court or clerk made the official recordings and provided copies to NPR. NPR intends to use excerpts from those recordings after his

sentencing has concluded in a podcast that reports on the effect of the shooting and the trial. Rule 1-201 of the Maryland Rules of Criminal Procedure, however, ostensibly prohibits "broadcast[ing] any criminal matter . . . that is held in trial court." As you know, that provision is currently being challenged on First Amendment grounds in federal court – in fact, NPR was one of the many media organizations that filed a brief as amici curiae in support of that constitutional challenge when the case was before the U.S. Court of Appeals for the Fourth Circuit, which ultimately held that Section 1-201 is "subject to strict scrutiny" as a "penal sanction for publishing information released to the public in official records." *Soderberg v. Carrion*, 999 F.3d 962, 964 (4th Cir. 2021).

In that lawsuit, your office asserted that Section 1-201 "is moribund" because "there has never been a § 1-201 contempt proceeding against *anyone*." State's Mem. in Supp. of its Mot. to Dismiss at 8-11, *Soderberg v. Pierson*, No. 19-cv-1559-RDB (D. Md. July 18, 2019), Dkt. 23-1 (emphasis in original). Indeed, your office argued that those plaintiffs could not even *challenge* the law in court because "[t]he supposition that, after 38 years, these plaintiffs will be the first-ever alleged contemnors in a § 1-201 contempt proceeding is mere speculation." *Id.* at 11. The State has therefore already recognized that while Section 1-201 technically remains on the books, it no longer has any force or effect.

Based on your office's willingness to make those representations in federal court, we respectfully request that you commit now not to seek sanctions under Section 1-201 against NPR for using or broadcasting this audio recording. We would appreciate the courtesy of a response no later than **Thursday, August 26, 2021**, so that – if needed – we can bring this matter to the attention of the court and obtain the necessary declaratory and injunctive relief.

We would add that in this instance, there is no legitimate government interest in restricting the use of the recordings. NPR's podcast series about the *Capital Gazette* shooting and the Ramos trial is clearly newsworthy, has been made with the cooperation of many of the victims, and is consistent with the organization's mission to produce high-quality educational and informational content. Moreover, the cold transcript of the trial would not meet the editorial needs of the podcast. There are no plausible harms or governmental interest that would justify a ban on usage.

We sincerely thank you for taking the time to consider this request. Please do not hesitate to call or email if you have any questions or wish to discuss this matter further.

Very truly yours,

BALLARD SPAHR LLP

Charles D. Tobin*
Maxwell S. Mishkin (MD Atty. No. 1412170229)

cc: Ashley Messenger, Esq., NPR

* Admitted only in the District of Columbia, Virginia, and Florida.