IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL PUBLIC RADIO, INC. *

Plaintiff, *

v. * Civil Action No. RDB-21-2247

HON. GLENN L. KLAVANS, *et al.*, *

Defendants. *

* * * * * * * * * * * * *

**MEMORANDUM ORDER**

This case features an as-applied First Amendment challenge to Maryland's ban on the broadcast of any recordings of criminal proceedings held before a jury (the "Broadcast Ban").[1] Plaintiff National Public Radio, Inc. ("NPR") brings this action against the Honorable Glenn L. Klavans and the Honorable Fred S. Hecker, (collectively "Defendants"), Maryland State Circuit Court Judges.[2] NPR seeks a declaratory judgment and permanent injunction prohibiting the enforcement of the Broadcast Ban against the publication of a podcast episode that will feature official state recordings of the recent trial of Jarrod Ramos, who was convicted of five murders in connection with the June 2018 Capital Gazette shooting in Annapolis, Maryland. (*See* Compl. ¶¶ 1–6, ECF No. 1.)

After a hearing on September 13, 2021, this Court granted Plaintiff's Motion for a Preliminary Injunction. (ECF Nos. 14–16.) The parties have notified the Court that they do not intend to submit further briefing or arguments with respect to NPR's permanent injunction.

[1] Md. Code Ann., Crim. Proc. § 1-201.

[2] Judge Klavans is the Administrative Judge of the Court and Judge Hecker is the Administrative Judge for the Fifth Judicial Circuit, which includes Anne Arundel County. (Compl. ¶¶ 8–9, ECF No. 1.)

(ECF No. 18.) The parties jointly request that this Court cancel the permanent injunction hearing scheduled for September 22, 2021, and rule on NPR's permanent injunction solely on the record submitted in connection with Plaintiff's Motion for Preliminary Injunction, and the arguments heard at the preliminary injunction hearing. (*Id.*) Accordingly, the permanent injunction hearing scheduled for September 22, 2021 at 11:00 a.m. is **CANCELLED**, and this Court will now enter a **PERMANENT INJUNCTION** in this case.

## ANALYSIS

The facts of this case are set forth at length in this Court's opinion granting NPR's Motion for a Preliminary Injunction. *See National Public Radio, Inc., v. Klavans*, No. RDB-21-2247, 2021 WL 4197661 (D. Md. Sep. 15, 2021) (ECF No. 16). The merits of NPR's permanent injunction request are coextensive with that motion and will be reviewed here.

### I. NPR Challenges the Broadcast Ban As-Applied

As noted throughout this Court's preliminary injunction opinion (ECF No. 16), NPR only challenges the Broadcast Ban as applied to its upcoming podcast. This difference is critical to the merits of NPR's claim, and the relief NPR requests. "The difference between a facial challenge and an as-applied challenge lies in the scope of the constitutional inquiry," *Educational Media Co. v. Insley*, 731 F.3d 291, 298 n.5 (4th Cir. 2013) (citation omitted), and "goes to the breadth of the remedy employed by the court, not what must be pleaded in a complaint." *Citizens United v. Federal Election Com'n*, 558 U.S. 310, 331 (2010). "The substantive rule of law is the same for both challenges." *Edwards v. District of Columbia*, 755 F.3d 996, 1001 (D.C. Cir. 2014); *accord Bucklew v. Precythe*, 139 S. Ct. 1112, 1127 (2019).

A plaintiff bringing a facial challenge seeks to strike the law down as unconstitutional, and must demonstrate that the law is invalid "'without regard to its impact on the plaintiff.'" *Insley*, 731 F.3d at 298 n.5 (citation omitted). "To succeed in a facial constitutional challenge, a movant 'must establish that no set of circumstances exists under which the Act would be valid.'" *United States v. Hosford*, 843 F.3d 161, 165 (4th Cir. 2016) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). In the First Amendment context, "a plaintiff asserting a facial challenge may also prevail if he or she shows that the law is overbroad because a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Insley*, 731 F.3d at 298 n.5 (quoting *United States v. Stevens*, 130 S. Ct. 1577, 1587 (2010)) (alterations omitted). Under either circumstance, "a facial challenge is perhaps 'the most difficult challenge to mount successfully.'" *Hosford*, 843 F.3d at 165 (citation omitted).

Comparatively, a plaintiff raising an as-applied challenge seeks only to prove "that the regulations are unconstitutional as applied to their particular speech activity." *Edwards*, 755 F.3d at 1001. Accordingly, "an as-applied challenge is 'based on a developed factual record and the application of a statute to a specific person." *Insley*, 731 F.3d at 298 n.5. These challenges are fact-specific, and generally easier to mount. *See Hosford*, 843 F.3d at 165. *Compare Educ. Media Co. v. Swecker*, 602 F.3d 583, 591 (4th Cir. 2010) (finding ban on alcohol-related advertisements in school newspapers facially valid), *with Insley*, 731 F.3d at 302 (finding same prohibition unconstitutional as applied to plaintiffs). Moreover, the Supreme Court has expressed a strong preference for as-applied challenges due to "the fundamental principle of judicial restraint." *Wash. St. Grange v. Wash. St. Republican Party*, 552 U.S. 442, 450 (2008); *accord United States v.*

*Treasury Emps.*, 513 U.S. 454, 477–79 (1995).

In this case, NPR does not challenge the facial constitutionality of the Broadcast Ban. Instead, NPR exclusively raises an as-applied challenge, arguing that the State cannot enforce the Broadcast Ban against NPR's upcoming podcast. (Compl. ¶ 46.) Accordingly, the Defendants must demonstrate that applying the Broadcast Ban to NPR's podcast is necessary to advance a "state interest of the highest order"—it is not enough to argue that the Broadcast Ban would be justified by a compelling state interest in other, hypothetical circumstances. Concurrently, the requested permanent injunction will only preclude the application of the Broadcast Ban in this specific case.[3]

## II. The Broadcast Ban is Unconstitutional As Applied to NPR

The core issue in this case is whether applying the Broadcast Ban to NPR's podcast is necessary to advance the Defendants' claimed interests in trial fairness and witness protection. The Supreme Court has repeatedly held that "'if a [news organization] lawfully obtains truthful information about a matter of public significance then state officials may not constitutionally punish publication of the information, absent a need to further a state interest of the highest order.'" *Florida Star v. B.J.F.*, 491 U.S. 524, 533 (1989) (citation omitted); *see, e.g.*, *Bartnicki v. Vopper*, 532 U.S. 514, 528 (2001); *Smith v. Daily Mail Publishing Co.*, 443 U.S. 97, 103 (1979);

[3] The facial constitutionality of the Ban is at issue in *Soderberg*, which is now pending before this Court on remand. In *Soderberg*, a collection of journalists, organizers, and criminal justice advocacy organizations brought "a facial, pre-enforcement challenge" against the Broadcast Ban under the First and Fourteenth Amendments. *Soderberg v. Carrion*, 999 F.3d 962, 966 (4th Cir. 2021); *see also Soderberg v. Pierson*, No. RDB-19-1559, 2020 WL 206619, at *2 (D. Md. Jan. 14, 2020) (lower court opinion). This Court dismissed the complaint, holding that the Broadcast Ban "constitutes a content-neutral regulation of the time, place, and manner of speech that survives intermediate scrutiny." *Soderberg*, 999 F.3d at 964. When the plaintiffs appealed, the United States Court of Appeals for the Fourth Circuit vacated and remanded, construing the Ban as "a penal sanction for publishing

*Landmark Comm'ns, Inc. v. Virginia*, 435 U.S. 829, 837–39 (1978); *Oklahoma Publishing Co. v. Oklahoma Cnty Dist. Ct.*, 430 U.S. 308, 310 (1977); *Cox Broadcasting Co. v. Cohn*, 420 U.S. 469, 496 (1975). As the Fourth Circuit held in *Soderberg v. Carrion*, 999 F.3d 962 (4th Cir. 2021), the Broadcast Ban "is properly assessed as a penal sanction for publishing information released to the public in official court records," and must be "narrowly tailored to a state interest of the highest order" to survive constitutional muster. 999 F.3d at 964.

Under the First Amendment, strict scrutiny "'requires the Government to prove that the restriction furthers a compelling interest and is narrowly tailored to achieve that interest.'" *Reed v. Town of Gilbert*, 576 U.S. 155, 171 (2015) (quoting *Arizona Free Enterprise Club's Freedom Club PAC v. Bennett*, 564 U.S. 721, 734 (2011)); *accord Riley v. Nat'l Fed'n of the Blind*, 487 U.S. 781, 798 (1988). "To survive strict scrutiny . . . the State must do more than assert a compelling state interest—it must demonstrate that its law is necessary to serve the asserted interest." *Burson v. Freeman*, 504 U.S. 191, 199 (1992). "With respect to narrow tailoring, [courts] require the government to prove that no 'less restrictive alternative' would serve its purpose." *Central Radio Co. Inc. v. City of Norfolk*, 811 F.3d 625, 633 (4th Cir. 2016); *accord Frisby v. Schultz*, 487 U.S. 474, 485 (1988); *Greater Balt. Ctr for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 879 F.3d 101, 112 (4th Cir. 2018) (holding that the law must be "neither seriously underinclusive nor seriously overinclusive").

As discussed at length in this Court's preliminary injunction opinion, Defendants insist that the Broadcast Ban is necessary to preserve the fairness and integrity of trials, and to protect

---

information released to the public in official court records," and holding that it is subject to strict scrutiny. *Id.* at

witnesses from harassment, intimidation, and retaliation. (Resp. in Opp. 9–10, ECF No. 11.) This may qualify as "a state interest of the highest order." *See, e.g., Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606–08 (1982); *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 551 (1976); *Estes v. Texas*, 381 U.S. 532, 539 (1965) ("While maximum freedom must be allowed the press . . . its exercise must necessarily be subject to the maintenance of absolute fairness in the judicial process."). However, while these concerns might justify applying the Ban in other cases, "[t]he First Amendment does not permit states to broadly conjure hypotheticals in support of expressive burdens." *Washington Post v. McManus*, 944 F.3d 506, 522 (4th Cir. 2019). As this Court has already observed, Defendants fail to show that broadcasting NPR's podcast would endanger witnesses or undermine the fairness of the criminal proceedings against Jarrod Ramos. Absent such evidence, the State's "mere speculation about serious harms" cannot survive strict scrutiny, particularly on an as-applied challenge. *Id.* at 522.

The facial constitutionality of the Broadcast Ban is not at issue in this case. That question will be addressed in *Soderberg*, which is now pending before this Court on remand. In cases featuring evidence of witness intimidation, harassment, or other serious safety and fairness concerns, the Broadcasting Ban may well be "narrowly tailored" to protect witnesses and preserve the integrity of criminal proceedings. Where, as here, the record is devoid of evidence that a broadcast would endanger witnesses or implicate the fairness of a criminal trial, the Broadcast Ban is not necessary to achieve Defendants' stated objectives and cannot be constitutionally applied. *Florida Star*, 491 U.S. at 538.

---

964, 969.

## III. NPR is Entitled to a Permanent Injunction

Having found that the Broadcast Ban is unconstitutional as applied, it is clear that a permanent injunction must issue. As the Supreme Court held in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), a plaintiff seeking a permanent injunction must demonstrate four factors:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and the defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

547 U.S. at 391; *accord Legend Night Club v. Miller*, 637 F.3d 291, 297 (4th Cir. 2011).

These factors are substantially identical to the requirements for a preliminary injunction,[4] and are satisfied by an identical showing here. First, the Broadcast Ban constitutes a prior restraint on speech that is irreparable as a matter of law. *Legend Night Club*, 637 F.3d at 302 ("It is well established that '[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Second, "monetary damages are inadequate to compensate for the loss of First Amendment freedoms." *Id.* Third, it is unequivocal that "the public interest favors protecting constitutional rights." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 346 (4th Cir. 2021). Finally, the balance of hardships favors NPR: Where Plaintiff has established a violation of its First Amendment rights, Defendants openly acknowledge that "there has never been a § 1-201 contempt proceeding against anyone," (Resp. in Opp. 11), and raise only speculative concerns as to safety or fairness. Accordingly, Plaintiff has established its entitlement to injunctive relief, and

the requested permanent injunction shall issue.

**IV. NPR is Entitled to a Declaratory Judgment**

In addition to its injunction request, NPR also "seeks a declaration that the Broadcast Ban is unconstitutional as it applies to NPR's publishing of excerpts from lawfully-obtained audio recordings of criminal proceedings in *State of Maryland v. Jarrod Ramos*, Case No. C-02-CR-18-001515." (Compl. ¶ 6.) The United States Court of Appeals for the Fourth Circuit has "held that district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998); *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 824 (4th Cir. 2000). Defendants do not challenge this Court's jurisdiction to issue a declaratory judgment, nor does the record present any reason to exercise discretion and decline to issue the requested judgment on the facts of this case. Accordingly, as the merits have already been determined, the requested declaration shall issue.

**CONCLUSION**

For the reasons stated on the record in the preliminary injunction hearing, in this Court's memorandum opinion dated September 15, 2021 (ECF No. 16), and set forth above, it is hereby **ORDERED** this 21st day of September, 2021 that:

1. The permanent injunction hearing scheduled for September 22, 2021 at 11:00 a.m. is **CANCELLED.**

2. Section 1-201 of the Criminal Procedure Article of the Maryland Code is **DECLARED UNCONSTITUTIONAL** under the First and Fourteenth Amendments to the United

[4] The primary difference between the two standards is that a litigant seeking a preliminary injunction must prove their likelihood of success on the merits. *Cf. Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). That difference is irrelevant here, as the merits have already been determined.

States Constitution as applied to Plaintiff National Public Radio, Inc's publication of excerpts from lawfully-obtained audio recordings of the trial court proceedings in *State v. Ramos*.

3. Defendants are **PERMANENTLY ENJOINED** in the State of Maryland from implementing or enforcing Section 1-201 of the Criminal Procedure Article of the Maryland Code against Plaintiff National Public Radio, Inc's publication of excerpts from lawfully-obtained audio recordings of the trial court proceedings in *State v. Ramos*.

4. The permanent injunction shall take effect immediately.

5. The Clerk of this Court shall transmit copies of this Order and accompanying Memorandum Opinion to Counsel of record.

/s/
Richard D. Bennett
United States District Judge